

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2007

# USA v. Malik

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1591

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Malik" (2007). *2007 Decisions.* Paper 690.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/690

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1591

_____

UNITED STATES OF AMERICA
                              Appellee
v.

ABDUS SALAAM MALIK
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 04-185)

District Court:  Hon. Anne E. Thompson

_____

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2007

Before:  McKEE and AMBRO, <u>Circuit Judges</u>, and MICHEL,[*] <u>Judge</u>

(Opinion filed:   July 27, 2007)

---

[*]The Honorable Paul R. Michel, Chief Judge of the United States Court of
Appeals for the Federal Circuit, sitting by designation.

_____

OPINION
_____

McKEE, Circuit Judge

Abdus Salaam Malik appeals the judgment of conviction and sentence that was imposed after a jury convicted him of offenses arising out of his illegal purchase of firearms. For the reasons below, we will affirm both the conviction and the sentence.[1]

## I.

Because we write primarily for the parties, we need not recite the facts of this case except where necessary to our discussion.

Malik first argues that his conviction must be reversed because the District Court included the so-called "two-inference" charge in the jury instructions. The Court stated, "[i]f you view the evidence in the case as reasonably permitting two conclusions, one of innocence, the other of guilt, then you should adopt the conclusion of innocence, or not guilty, because the burden on the Government is to prove beyond a reasonable doubt, not 50/50." App. 390. Malik contends that this misled the jury about the government's burden to proof, thereby denying him due process of law.

We have consistently criticized this language in a reasonable doubt

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over the challenges to the final judgment of conviction pursuant to 28 U.S.C. § 1291, and we review the sentence that was imposed pursuant to 18 U.S.C. § 3742(a).

instruction. *See United States v. Isaac*, 134 F.3d 199, 203 (3d Cir. 1998); *United States v. Jacobs*, 44 F.3d 1219, 1226 (3d Cir. 1995). In its brief, the Government concedes that, although technically correct, "an instruction of this type . . . is disfavored and should not have been given." Government's Br. at 8. Nevertheless, as the Government also notes, while consistently criticizing this charge, we have consistently held that it does not automatically result in a due process violation. Rather, we have explained: "[d]ue process is satisfied if the instructions, taken as a whole, accurately convey the concept of reasonable doubt to the jury." *Isaac*, 134 F.3d at 203. Thus, we must "consider whether this deficiency was rectified by the remainder of the reasonable doubt instruction." *Id.* (internal citations omitted); *see also United States v. Thayer*, 201 F.3d 214, 221 (3d. Cir 1999).

Here, the Court used the phrase "50/50," to explain that the presumption and the appropriate burden of proof required an acquittal if the defendant's guilt was not established. When the court used that term, it had already spoken of "reasonable doubt" in connection with the Government's burden but had not yet defined the term. App. 389. The Court explained that "the burden on the Government is to prove beyond a reasonable doubt, **not** 50/50." App. 390 (emphasis added). The Court then explained the term using familiar contrasts to "mathematical certainty" and "all possible doubt." App. 391-92; *see*, *e.g.*, *United States v. Milan*, 304 F.3d 273, 284-85 (3d Cir. 2002). Moreover, as the Government notes, during closing, defense counsel told the jury: "[t]he judge read to you a very good explanation of reasonable doubt. . . . You have it before you. . .

3

. I encourage you to refer to it." App. 432, Appellee's Br. at 17. We have reviewed the Court's charge in its entirety, and we agree that, though the inclusion of "50/50" was unfortunate, it was not sufficient to undermine the Court's instruction on reasonable doubt taken as a whole, as it was "not reasonably likely to have mislead the jury." *See Victor v. Nebraska*, 511 U.S. 1, 6 (1994) ("the proper inquiry is not whether the instruction 'could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury *did* so apply it").

## II.

Malik argues for the first time on appeal that the prosecutor's use of the phrase "the Muslim guy" during direct examination of a witness was prosecutorial misconduct that unfairly prejudiced him at the trial. Since defense counsel did not initially object and the Court instructed the Assistant United States Attorney to use a different reference as soon as counsel did object, Malik argues that the Court should have declared a mistrial *sua sponte*. Our review is for plain error.

Prosecutorial misconduct only justifies a new trial where the "error in the prosecutor's comments is so serious as to 'undermine the fundamental fairness of the trial and contribute to a miscarriage of justice.'" *United States v. Pungitore*, 910 F.2d 1084, 1126 (3d Cir. 1990) (quoting *United States v. Young*, 470 U.S. 1, 11-12 (1985)). Even where it is alleged that misconduct was intentional and pervasive, the focus on appeal is the impact upon the jury whether it "distracts" the trier of fact. *Marshall v. Hendricks*, 307 F.3d 36, 68 (3d Cir. 2002) (citing *Darden*

4

*v. Wainwright*, 477 U.S. 168, 182 n.15 (1986)).  "Especially when addressing plain error, a reviewing court cannot properly evaluate a case except by viewing such a claim against the entire record."  *Young*, 470 U.S. at 16.

Malik argues that, following the tragedy of "September 11," referring to him as the "Muslin guy" inflamed the jurors' emotions against him.  We agree that the term could have an impact on the jury. However, the term was only used because the witness being examined, Charlene Parker, did not know either of the men her uncle met on March 12, 2004 by name.  She referred to the man they picked up at Cooper Hospital as "the other guy" or "the guy that was supposed to be my cousin."  App. 81.  Parker referred to the man she later identified as Malik as "the Muslim guy" to distinguish him from "the other guy" because Malik was wearing a khaffiyeh.[2]  App. 86.

Malik makes much of the Government's using the phrase thirteen times.  Appellant's Br. at 1, 5, 17.  When Parker first spoke of "the Muslim guy," she had not yet identified Malik as the person she was referring to.  App. 81-83.  Prior to the in-court identification, the Government had little choice but to adopt that term without including his name in the question and thereby improperly leading the witness.   Although the references could have been more innocuous by identifying Malik as "the man who was wearing a knit cap when I saw him on a previous occasion," the Court surely should not have declared a mistrial based on Parker's

---

[2] Charlene Parker did not recall whether Malik was wearing a khaffiyeh on March 12, 2004.  App. 86.  Detective Sawicki testified that the man later arrested had been wearing a khaffiyeh that day.  App. 163.

manner of identifying him.

Once Parker made her in-court identification, the Government adopted the witness's phrase for Malik ("the Muslim guy") five more times before the defense objected. App. 85, 86, 88. One of these occasions was a specific request to explain why she referred to him that way. App. 86. After the Court sustained the objection to the usage, the Government referred to the defendant as "Mr. Malik." App. 88, 89. During cross-examination, Charlene Parker again referred to Malik as "Muslim guy," although the defense invariably called him Mr. Malik. App. 103.

Although the Assistant United States Attorney (AUSA) could have been more careful about the use of the term, the circumstances of Parker's examination certainly did not require a mistrial, and the District Court properly and promptly responded when defense counsel objected.

## III.

Finally, Malik argues that the 96-month sentence imposed by the District Court is unreasonable because it exceeded the Sentencing Guidelines range of 63 to 78 months as calculated by the District Court. Appellant's Br. at 16. The District Court did not characterize the sentence enhancement as a formal departure from the Guideline range. Rather, the Court referred to it as an exercise of its discretion based on the determination that a criminal history category of III did not adequately reflect Malik's actual criminal history. App. 529.

Since the Supreme Court's decision in *United States v. Booker*, we review

6

sentences for reasonableness using the factors set forth in 18 U.S.C. § 3553(a). 543 U.S. 220, 245-46. The sentence range calculated under the advisory Sentencing Guidelines is among the factors to be considered. 18 U.S.C. § 3553(a)(4). In evaluating the reasonableness of the sentence, we must first determine whether the sentencing court correctly calculated the Guideline range. *United States v. Cooper*, 437 F.3d at 324, 327-28 (3d. Cir. 2006). We next determine whether the trial court "considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." *Id.* at 332. We must then "ascertain whether those factors were reasonably applied to the circumstances of the case." *Id.*

Although the Government has not appealed the sentence in this case, it does argue that the District Court erred in calculating the Guidelines. The Government notes that Malik served nine months for a May 26, 1995 probation violation.[3] Government's Br. at 32 (citing PSR ¶ 45). Since this incarceration was within ten years of the March 12, 2004 crime of conviction, two additional criminal history points should have been assigned but were not. U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2), 4A1.2(k). Criminal history points would then total 8, rather than 6,

---

[3] The Government also argues that Malik's incarceration through 2002 represented, at least in part, the serving out of the sentence imposed for his 1977 murder conviction and that three additional criminal history points should be assessed per U.S.S.G. § 4A1.1(a). Since the Pre-sentence Investigation Report (PSR) is unclear in this regard, we consider only the two points under § 4A1.1(b) here. We do not, however, decide that the additional three points urged are invalid.

yielding a corrected criminal history category of IV and increasing the Guideline range to 77 to 96 months.  U.S.S.G. Sentencing Table, Ch. 5, Pt. A.

Although there is no fixed formula a trial court must employ to demonstrate meaningful consideration of the § 3553(a) factors and arguments raised by the defendant,[4] we have also explained that merely stating that these have been considered is insufficient.  *See United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (*en banc*) (holding trial court's statement that "[t]he Court believes that 100 months is reasonable in view of the considerations of section 3553(a)" to be insufficient); *Cooper*, 437 F.3d at 329 n.6.

Here, the District Court made it abundantly clear that the reason for the enhanced sentence was that Malik's extensive criminal history was not adequately represented by a criminal history category of III.  App. 529; *see* U.S.S.G. § 4A1.3(a).  The Court insisted that the Government provide a chronological history of Malik's history of adult convictions and incarcerations.  App. 513-19.  In addition, the District Court considered, but did not grant, the Government's request for a sentence of the statutory maximum of ten years.  App. 528-29; *see* 18 U.S.C. § 924(a)(2); *Grier*, 475 F.3d at 566.

In not imposing this maximum, the Court specifically considered Malik's age.  App. 529.  Thus, we find that it considered the § 3353(a) factors as well as arguments raised by Malik, and  reasonably and fairly applied those factors to Malik's circumstances and the circumstances of the case.

---

[4] *See Cooper*, 437 F.3d at 329

**IV.**

For the foregoing reasons, we will affirm the judgment of conviction and affirm the judgment of sentence.